IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| EARL RAYMOND MILLION | § | |
| v. | § | CIVIL ACTION NO. 5:14cv11 |
| DAWN GROUNDS, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

The Plaintiff Earl Million filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, he names Warden Dawn Merchant (formerly known as Dawn Grounds) and officers Patric Neal, T. Choate, and Alvie King. Another defendant, Lt. Moore, has previously been dismissed.

**I. The Plaintiffs' Allegations**

The one claim remaining in the lawsuit concerns an injury Plaintiff suffered on March 7, 2012, when an overhead exhaust system fell on him while he was showering. He contends Neal, Choate, and King were aware of the risk posed by the poor condition of the shower area and Warden Merchant knew or should have known the condition would eventually cause harm to prisoners if not repaired or closed down.

**II. The Motion for Summary Judgment**

The Defendants argue Plaintiff's claims allege no more than negligence and do not rise to the level of deliberate indifference. They also assert Plaintiff has not demonstrated the long-term injuries he claims to have suffered, and they invoke the defense of qualified immunity.

1

### III. The Magistrate Judge's Report

After review of the pleadings, the Magistrate Judge recommended the Defendants' motion for summary judgment be granted. The Magistrate Judge concluded Plaintiff failed to set out a showing of deliberate indifference to his safety and failed to overcome the Defendants' claim to qualified immunity. The Magistrate Judge also stated Plaintiff's allegations of prison rule violations did not rise to the level of a constitutional claim.

### IV. The Plaintiff's Objections and Analysis

In his objections, Plaintiff contends Lt. Moore has no evidence that she conducted any of the interviews she said she did. Plaintiff also attaches medical records to support his claim of injury. However, these records do not reveal any injuries, but merely state "we will obtain MRI brain and C spine to be sure that we are not missing anything." (Exhibit to Plaintiff's Objections, docket no. 86, p. 5). Plaintiff does not address the Magistrate Judge's conclusions that Plaintiff failed to show any of the named Defendants were deliberately indifferent to his safety, and he failed to overcome the Defendants' entitlement to qualified immunity.

### V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 84) is ADOPTED as the opinion of the District Court. It is further

ORDERED the Defendants' motion for summary judgment (docket no. 77) is GRANTED and the above-styled civil action is DISMISSED with prejudice. It is further

ORDERED any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 17th day of September, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE